## J. W. SHIPP *v.* THE STATE.

1. CHARGE OF THE COURT.— Having retired to consider of their verdict in a felony case, the jury returned into court and asked to be instructed whether they were authorized to weigh the credibility and character of witnesses. The court instructed them that they were the exclusive judges of the credibility of the witnesses and the weight of the testimony. *Held*, a correct and sufficient response to the question of the jury.

2. PRACTICE — PRESENCE OF THE ACCUSED — WAIVER. — The Code of Procedure, article 698, expressly directs that the defendant in a felony case shall be personally present in court on certain occasions, of which one is when the jury return into court for further instructions. *Held*, that in the absence of the defendant his counsel cannot waive his right to be personally present on such occasions, and no waiver can be inferred from the silence of counsel for the defense while instructions are being given to the jury in the defendant's absence, nor from the counsel's excepting to the purport of the instructions. It is incumbent on the trial court and the prosecuting attorney, and not upon counsel for the defense, to see to the personal presence of the defendant in a felony case on all such occasions; and a waiver of that right should affirmatively appear to have been expressly and understandingly made by the defendant in person, and should not be rested on implication.

APPEAL from the District Court of Blanco. Tried below before the Hon. L. W. MOORE.

The indictment charged the appellant with the theft of a mare, the property of Jacob Felps. Being found guilty by the jury, the verdict assessed his punishment at a term of five years in the penitentiary.

The opinion discloses all matters involved in the rulings.

*W. W. Martin*, and *Nix & Storey*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J. It is recited in the second bill of exceptions that after the jury had retired to consider of their verdict, they returned into open court in a body and through their foreman propounded to the court in writing the following interrogatory: "Have we the right to weigh the credibility and character of witnesses?" In response thereto the court gave the following instruction to the jury: "The jury are the exclusive judges of the credibility of the witnesses and the weight of the testimony." The defendant's counsel, being at the time present in court, excepted to this additional charge because it failed to respond to the interrogatory on the question of char-

acter. 2d. It is further shown by the same bill of exceptions that, for the purpose of saving the point raised in the defendant's motion for a new trial with regard to the defendant not being present, it is stated as a fact that while these proceedings were being had the defendant was not present in court and had no notice of said proceedings, and that there was no waiver of his right to be present when said proceedings were had, unless such waiver can be inferred from the fact that defendant's counsel were present and failed to offer any objection to the proceedings on account of the defendant's absence.

The court, in giving the defendant the bill of exceptions, appends the following explanation of his rulings in the matter complained of, to wit: "Counsel for defendant having specially excepted as above stated to the charge given by the court, and failing in any manner to call the attention of the court to the absence of the defendant, and not excepting to the absence of the defendant, the court regards any other exception than the one taken as waived."

With respect to the first subject presented in this bill of exceptions, we are of opinion that the objection that the charge given to the jury was not responsive to the question asked by them is not well taken. It is not perceived that the court could well have done more than remit to the jury, without further aid, the duty of determining the weight of the testimony as well as the credibility of the witnesses. The character of the witnesses as shown by the evidence, as well as their means of information and their manner of testifying, were all before the jury, and it was their duty to render a verdict upon the whole testimony, after carefully considering the testimony of each and every witness, and giving to the statements of each the weight and credibility they deemed them justly entitled to in view of all the circumstances developed by the whole testimony. The jury are the exclusive

judges of the facts in every criminal case. Code Crim.
Proc. art. 676. It is beyond the province of the judge to
discuss the facts. *Id.* art. 678. It is his duty to state
plainly the law of the case. The charge given was cor-
rect and sufficiently responsive to the question propounded
by the jury, agreeably to the requirements of the Code
of Procedure, art. 696.

As to the second question presented we are of opinion
that the court perhaps unwittingly committed an error
which could have been easily prevented by the defend-
ant's counsel, who seems to have been present in court at
the time the jury came into court for additional instruc-
tions. The provisions of the Code of Criminal Procedure
on the subject of the jury communicating with the court
and asking further instructions, and also when the jury
shall disagree as to the statements, are all definitely
pointed out in articles 695, 696 and 697. In the succeed-
ing article, 698, it is declared in plain and emphatic lan-
guage that "In every case of felony the defendant shall
be present in the court when any such proceeding is had
as mentioned in the three next preceding articles. His
counsel shall also be called. In cases of misdemeanor
the defendant need not be personally present."

The right of the defendant to be present in court when
the jury having charge of a case of felony return into
court for additional instructions is clearly guarantied to
him by law. It is true that many of the rights guaran-
tied to a defendant by law may be waived by him. It is
provided by the Code of Procedure, art. 23, that the de-
fendant in a criminal prosecution for any offense may
waive any right secured to him by law, except the right
of trial by jury. In the case before us we are informed
by the record that, though the defendant's counsel was
present, the defendant was not present in court as he had
a right to be under the law, as we have seen. But we
are not informed by the record that the subject of a

waiver of his right to be present in court when the addi-
tional charges were asked by the jury and given by the
court was ever mentioned by the court or by the defend-
ant, or by any one having authority to speak for him.
We are of opinion further that the defendant's counsel,
though present, was not obliged to see that the defendant
was present, and that it could not be inferred from his
silence that the defendant had waived his right to be
present when the proceeding in question was being had
against him. It was the duty of the court and the prose-
cuting attorney to see to it that the rights guarantied to him
by law when his liberty is involved were guarantied to
him on the trial, and that he is present in court when by
law he is entitled to be present. The defendant's counsel
could not waive for him the right to be present in court
when a charge was being given to the jury; and hence
the presence and silence of his counsel cannot be con-
strued into a waiver by the defendant of his legal right to
be personally present in court on so important an occasion.
If it had been sought to bind the defendant by a waiver,
the record should have shown in plain and unmistakable
language that the defendant in person and in open court,
his attention being specially directed thereto by the court
or under its direction, formally waived his right to be
present in court. His counsel could not in his absence
make such waiver as would be binding on the defendant.
The defendant could not be bound by an implied waiver
of his legal right to be personally present, even though
the subject was called to the attention of the court for
the first time in the motion for a new trial.

The view we have taken of the case renders it unnec-
essary to consider the questions presented as to the action
of the court in refusing the defendant's application for a
continuance and the sufficiency of the testimony to sup-
port the verdict, as they may not arise on another trial.

For the reason that the defendant was not present in

court when the jury came into court and received additional instructions from the court, the judgment must be reversed and the case remanded for a new trial.

*Reversed and remanded.*